UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFESCAN, INC.<br>DIABETES DIAGNOSTICS, INC., and<br>INVERNESS MEDICAL LTD.<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL F. O'CONNELL and<br>AGAMATRIX, INC.<br><br>    Defendants. | 04 10985 MEL<br><br>MAGISTRATE JUDGE Bowler<br>Civil Action No.<br>RECEIPT # 56015<br>AMOUNT $ 150—<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 5-18-04 |

**NOTICE OF REMOVAL**

Defendants, Daniel F. O'Connell ("O'Connell") and AgaMatrix, Inc. ("Agamatrix"), hereby files this Notice of Removal of the above-captioned action from the Middlesex County Superior Court, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice, the Defendants state as follows:

1. On or about May 14, 2004, Plaintiffs Lifescan, Inc., Diabetes Diagnostics, Inc. and Inverness Medical LTD, filed <u>Lifescan, Inc, Diabetes Diagnostics, Inc. and Inverness Medical LTD v. Daniel F. O'Connell and AgaMatrix, Inc.</u>, Civil Action No: MICV2004-02043, in the Middlesex County Superior Court ("Superior Court Case").

2. Defendants O'Connell and AgaMatrix were served with copies of the Summons and Complaint in the Superior Court Case on or about May 14, 2004. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Summons and Complaint is filed herewith.

3. Removal from the Superior Court to this Court is proper pursuant to 28 U.S.C. § 1441. This Court has removal jurisdiction because it would have had original

BOS1382529.1

jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) (alienage jurisdiction) and U.S. Const. art. III, § 2 (same). Plaintiff Inverness Corporation is a corporation organized under the laws of Scotland. (See Ver. Cplt.). Defendant, AgaMatrix, is a Delaware corporation with its principal place of business in Cambridge, Massachusetts and Defendant O'Connell is a Massachusetts resident with a principal place of residence in Brookline, Massachusetts. Alienage jurisdiction is proper in all cases where a foreign plaintiff corporation brings suit against a United States defendant corporation or United States defendant individual. U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(2). See also Mas v. Perry, 489 F.2d 1396, 1401 (5th Cir. 1974); Wright & Miller § 3604.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty days after Defendants' receipt of service of the Summons and Complaint.

5. Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the clerk of the Superior Court, as provided by 28 U.S.C. § 1446(d).

6. Defendant will file with the Court attested copies of all records, proceedings and docket entries in the state court within thirty days, pursuant to Local Rule 81.1.

WHEREFORE, Defendant Daniel F. O'Connell and AgaMatrix, Inc. respectfully requests that the above action now pending against it in the Superior Court be removed to the United States Court for the District of Massachusetts.

Respectfully submitted,

DANIEL F. O'CONNELL
AGAMATRIX, INC.

By their attorneys,

David S. Rosenthal (BBO# 429260)
Ellen M. Majdloch (BBO# 637218)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Date: May 17, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 5-17-04

BOS1382529.1